IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 5, 2016

**FREDERICK D. DEBERRY v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Fayette County**
**No. 3737    J. Weber McCraw, Judge**

_____

**No. W2015-00951-CCA-R3-PC  -  Filed January 29, 2016**

_____

The Petitioner, Frederick D. Deberry, appeals as of right from the Fayette County Circuit Court's summary dismissal of his petition for post-conviction relief.  On appeal, the Petitioner contends that the statute of limitations should be tolled (1) because he was in federal custody until 2014 and lacked access to Tennessee legal materials and (2) because his trial counsel and the trial court clerk failed to advise him about post-conviction procedures after he inquired about such information.  Discerning no error, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ALAN E. GLENN, JJ., joined.

Frederick D. Deberry, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter, and Clark B. Thornton, Senior Counsel, for the appellee, State of Tennessee.

**OPINION**
FACTUAL BACKGROUND

Following a jury trial, the Petitioner was convicted by a Fayette County jury of aggravated rape, a Class A felony.  See Tenn. Code Ann. § 39-13-502.  The trial court sentenced him to a term of twenty years as a Range I offender, which sentence was to be served consecutively to a sentence imposed in the United States District Court, Northern District of Mississippi.

The evidence at trial, in the light most favorable to the State, showed that, on July 17, 1990, the victim, a Middle Tennessee State University student, along with her companion, Jason Jones, drove from Murfreesboro to Nashville in the victim's car. See State v. Frederick D. Deberry, No. 02C01-9304-CC-00074, 1993 WL 492702, at *1 (Tenn. Crim. App. Dec. 1, 1993), perm. app. denied (Tenn. May 16, 1994). An argument ensued, resulting in the loss of the ignition keys. Id. While searching for the keys, the couple was accosted by two black men, one of whom—the Petitioner—was armed. Id. When the keys were found, Jones was locked in the trunk, and the victim was held captive in the front seat between the two men. Id. The Petitioner drove west on I-40 to Jackson, where his cohort got out of the car. Id. He continued driving westward but stopped along the highway and raped the victim while holding a pistol to her head. Id.

After his conviction, the Petitioner filed a direct appeal with this court, claiming (1) that the State failed to prove venue; (2) that the State committed prosecutorial misconduct by excusing potential jurors on account of race, thereby violating the holding in Batson v. Kentucky, 476 U.S. 79 (1986); and (3) that the trial court erred in imposing consecutive sentencing. See Deberry, 1993 WL 492702, at *1. Finding no merit to these issues, we affirmed the Petitioner's conviction and sentence, and our supreme court declined to review that decision. Id.

Following his unsuccessful direct appeal, the Petitioner filed a "motion for new trial" in November 2005, while he was still in federal custody. In support of his motion, the Petitioner made allegations of prosecutorial misconduct and ineffective assistance of counsel and that insufficient evidence was presented which denied him a fair trial. See State v. Frederick D. Deberry, W2005-02843-CCA-R3-CD, 2006 WL 2040437, at *1 (Tenn. Crim. App. July 20, 2006) (memorandum opinion), perm. app. denied (Tenn. Jan. 2, 2007). The trial court dismissed the pleading. In his appellate brief, the Petitioner submitted that his due process rights and protection from double jeopardy were violated, that he was denied his right to be confronted with witnesses, that he received ineffective assistance of counsel, that the evidence presented was insufficient to support his conviction, and that he was "wrongfully" convicted. Id. This court affirmed the trial court's order dismissing the pleading pursuant to Rule 20, Rules of the Court of Criminal Appeals, concluding that the motion for new trial was untimely filed. Id.

The panel also noted that the pleading alleged grounds generally appropriate for a petition for post-conviction relief. Id. However, according to the court, it was also apparent that, if treated as a petition for post-conviction relief, the petition was filed long after the expiration of the one-year statute of limitations for filing a petition for post-conviction relief, and the pleading did not allege any grounds which would provide an exception to the statute of limitations. Id. (citing Tenn. Code Ann. § 40-30-102). Therefore, the pleading was time-barred. Id. As a final observation, the panel concluded,

for various substantive and procedural reasons, that dismissal of the pleading was likewise proper if treated as a petition for habeas corpus relief.  Id.

On May 4, 2015, the Petitioner filed the instant petition for post-conviction relief. He alleged (1) prosecutorial misconduct due to "purposeful discrimination" of African-Americans from the jury venire; (2) denial of rights to due process and to confront witnesses him by the admission of certain evidence; (3) ineffective assistance of counsel; (4) insufficient evidence; and (5) "plain error" by the trial court based upon the aforesaid contentions.  The Petitioner submitted that the one-year statute of limitations for post-conviction relief should be tolled because his state-appointed counsel never advised him of his right to file a post-conviction petition and, in fact, "assured him that his appeals process were [sic] exhausted, and that her appointment as counsel in this case had come to a conclusion."  According to the Petitioner, he contacted his counsel again in 2005 and asked her if he had any avenue for judicial recourse from his conviction based upon the holdings in Crawford v. Washington, 541 U.S. 36 (2004), and Miller-El v. Dretke, 545 U.S. 231 (2005), but she provided no assistance.  The Petitioner stated that he was not aware of his right to file for post-conviction relief until his transfer from federal custody to the Tennessee Department of Correction in July 2014 because, prior to that time, he "had no access to the Tennessee Post-Conviction and/or Judicial Procedures[.]"  The Petitioner also contended that he "did not knowingly, nor intentionally waive his right(s) to raise these grounds" and that "it was due to the clear incompetence of his counsel that these grounds were not appropriately raised."

The post-conviction court summarily dismissed the petition as untimely and noted that "[a]ll appellate issues were exhausted on May 17, 1994 when the Supreme Court of Tennessee denied further application to appeal."  The Petitioner now appeals to this court, raising the same issues and arguments he did in the post-conviction court.

ANALYSIS

Post-conviction relief is only warranted when a petitioner establishes that his or her conviction is void or voidable because of an abridgement of a constitutional right. Tenn. Code Ann. § 40-30-103.  The burden in a post-conviction proceeding is on the petitioner to prove the factual allegations in support of his grounds for relief by clear and convincing evidence.  Tenn. Code Ann. § 40-30-110(f); Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009).  On appeal, we are bound by the post-conviction court's findings of fact unless we conclude that the evidence in the record preponderates against those findings.  Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001).  A post-conviction court's conclusions of law, however, are subject to a purely de novo review by this court, with no presumption of correctness.  Id. at 457.

-3-

Tennessee's Post-Conviction Procedure Act provides that a claim for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred." Tenn. Code Ann. § 40-30-102(a). "[T]he right to file a petition for post-conviction relief . . . shall be extinguished upon the expiration of the limitations period." Tenn. Code Ann. § 40-30-102(a). "If it plainly appears from the face of the petition, any annexed exhibits or the prior proceedings in the case that the petition was not filed . . . within the time set forth in the statute of limitations, . . . the judge shall enter an order dismissing the petition." Tenn. Code Ann. § 40-30-106(b). The Post-Conviction Procedure Act is explicit that the one-year statute of limitations "shall not be tolled for any reasons, including any tolling or saving provision otherwise available at law or equity." Tenn. Code Ann. § 40-30-102(a).

The Act provides for only three narrow factual circumstances in which the statute of limitations may be tolled:

> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States [S]upreme [C]ourt establishing a constitutional right that was not recognized as existing at the time of trial;
> (2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or
> (3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid[.]

Tenn. Code Ann. § 40-30-102(b). Tennessee courts have also recognized that, in certain circumstances, strict application of the statute of limitations would deny a petitioner the reasonable opportunity to bring a post-conviction claim and that, in these instances, due process requires the tolling of the statute of limitations. See Williams v. State, 44 S.W.3d 464 (Tenn. 2001); State v. Nix, 40 S.W.3d 459 (Tenn. 2001); Sands v. State, 903 S.W.2d 297 (Tenn. 1995); Burford v. State, 845 S.W.2d 204 (Tenn. 1992); Crawford v. State, 151 S.W.3d 179 (Tenn. Crim. App. 2004).

Here, it is undisputed that the Petitioner filed his petition well outside the one-year statute of limitations. The Petitioner, however, makes several arguments for tolling.

-4-

First, the Petitioner contends that he is entitled to due process tolling of the statute of limitations because his incarceration by federal authorities until 2014 meant he did not have access to Tennessee legal materials and lacked any knowledge of "Tennessee Post-Conviction procedure(s)." However, the case law is clear that inadequate access to legal materials due to incarceration in another jurisdiction does not toll the statute of limitations. See Brown v. State, 928 S.W.2d 453, 456 (Tenn. Crim. App. 1996) ("Ignorance of the statute of limitations is not an excuse for late filing," even when the petitioner claims that he did not know about the change in the law due to incarceration in another state.); Passarella v. State, 891 S.W.2d 619, 624-25 (Tenn. Crim. App. 1994) ("This Court refuses to engraft a discovery rule over the statute of limitations in post-conviction cases."); Jason Earl Hill v. State, No. E2005-00968-CCA-R3-PC, 2006 WL 389667, at *3 (Tenn. Crim. App. Feb. 16, 2005) (finding no merit to petitioner's assertion that statute of limitations should be tolled because he was incarcerated in another state and lacked access to legal decisions). The Petitioner's federal incarceration provides no support for his request for tolling.

Coupled with his lack of access to Tennessee materials, the Petitioner also argues that he had "no knowledge" of the Post-Conviction Procedure Act or "its functions" based upon the actions, or inactions, of his trial counsel and the trial court clerk. The Petitioner asserts that his trial counsel never advised of his post-conviction rights "before excusing herself from his case" and that she "assured him that his appeals process were [sic] all exhausted upon the denial of his Application for Permission to Appeal to the Supreme Court of Tennessee." He submits that he contacted her again in 2005 and asked her if he had any avenue for judicial recourse from his conviction based upon the holdings in Crawford v. Washington, 541 U.S. 36 (2004), and Miller-El v. Dretke, 545 U.S. 231 (2005), but she provided no assistance. In his reply brief, the Petitioner further contends that he also contacted the trial court clerk around this same time after receiving this court's opinion affirming the dismissal of his untimely motion for new trial and "inquir[ed] as to the function(s) of the Post-Conviction Procedure, but [he] was then assured by the clerk that they were not allowed to be advocates for [him]." According to the Petitioner, the trial court clerk sent him "a pamphlet for pro-se defendants attempting to file in the courts a Motion for New Trial, but said pamphlet did not provide information concerning the Post-Conviction Procedure Act."

In State v. Whitehead, our supreme court concluded that a petition for post-conviction relief is entitled to due process tolling of the statute of limitations based upon the conduct of the petitioner's attorney when (1) the petitioner had been diligently pursuing his or her rights and (2) extraordinary circumstances prevented the timely filing of the petition. 402 S.W.3d 615, 631 (Tenn. 2013) (citing Holland v. Florida, -- U.S. --, 130 S.Ct. 2549, 2562 (2010). Specifically, the second prong is met when a petitioner's attorney of record abandons the petitioner or acts in a way directly adverse to the

-5-

petitioner's interests, such as by actively lying or otherwise misleading the petitioner to believe things about his or her case that are not true. Id. (citations omitted). Counsel in Whitehead erroneously advised the petitioner of the deadline for filing a pro se post-conviction petition and failed to deliver promptly to the petitioner the litigation files necessary to prepare the petition. Id. at 632-33. The court held that the combination of these circumstances prevented the petitioner from filing a timely post-conviction petition and required due process tolling of the statute of limitations. Id. However, no extraordinary circumstance is present here.

"This Court has consistently held that a petitioner's personal ignorance of post-conviction procedures, even when alleged to stem from an attorney's negligent failure to render advice to the petitioner, does not toll the running of the statute of limitations." Jarvis Taylor v. State, No. W2014-00683-CCA-R3-PC, 2014 WL 6491076, at *3 (Tenn. Crim. App. Nov. 20, 2014) (internal quotation marks omitted) (citing cases). Furthermore, regarding advice from a court employee, this court has determined it was not a situation beyond a prisoner's control when the facility "where he was incarcerated was on 'Administrative Lock-down' the last few days before the statute of limitations ran, and/or because he received, second hand, incorrect information not from an attorney, but from an employee of the appellate court clerk's office." Darren Brown v. State, No. W2012-02584-CCA-MR3-PC, 2013 WL 6405736, at *3 (Tenn. Crim. App. Dec. 5, 2013). Here, the Petitioner does not claim that he received incorrect information from the trial court clerk but simply that they did not provide him with assistance on post-conviction procedures. Accordingly, we find no merit in Petitioner's claim that the statute of limitations should be tolled for attorney abandonment or based upon the actions of the trial court clerk. Nothing in the Petitioner's assertions demonstrates that he was prevented from timely filing his petition for post-conviction relief based upon circumstances beyond his control due to either the advice, or lack thereof, from his trial counsel or the trial court clerk. As one panel of this court put it, "the law is well settled that mere ignorance of the law concerning the statute of limitations, or even the existence of the statute of limitations, by whatever means (other than mental incompetence), does not rise to the status of being violative of constitutional due process." Guillermo Matiaz Juan v. State, No. 03C01-9708-CR-00318, 1999 WL 76453, at *2 (Tenn. Crim. App. Feb. 18, 1999).

Additionally, as noted above, one of the statutory exceptions to strict application of the statute of limitations is invoked when a

claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state

-6-

appellate court or the United States Supreme Court establishing a constitutional right that was not recognized as existing at the time of trial[.]

Tenn. Code Ann. § 40-30-102(b)(1). The United States Supreme Court issued the Crawford v. Washington opinion on March 8, 2004, and the Miller El v. Dretke opinion on June 13, 2005. The Petitioner did not file the instant petition until May 4, 2015. Any relief from the statute of limitations that these cases could have possibly provided the Petitioner is obviated by his failure to file the petition for post-conviction relief in a timely manner.

## CONCLUSION

In consideration of the foregoing and the record as a whole, the post-conviction court correctly dismissed the petition for being untimely filed. Accordingly, we affirm.

_____
D. KELLY THOMAS, JR., JUDGE